SO ORDERED: September 4, 2012.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ZETO VINCENT ROSS ) | CASE NO. 12-4937-AJM-7 |
| CRYSTAL ROSS ) | |
| ) | |
| Debtors ) | |

**ORDER ON TRUSTEE'S OBJECTION TO EXEMPTIONS**

This matter came before the Court on July 25, 2012 for hearing on the Trustee's objection to the Debtors' claim of exemptions.  The Trustee, Ellen Fujawa, appeared by counsel James Young; the Debtors appeared by counsel, Kimber Leigh Whyte.  The Court took ruling on the matter under advisement and instructed the parties to submit legal authorities within 21 days, which they have done.  This order shall constitute findings and conclusions to the extent required under Fed. R. Bankr. P. 7052.

***Background***

The parties have stipulated to the following facts: The Debtors maintained an

1

account at PNC Bank (the "PNC Account:") which had a balance of $467.16 as of March 15, 2012. The Debtors' 2011 state and federal tax refunds were deposited via direct deposit into the PNC Account on March 16, 2012 which brought the balance to $10,575.88. Of this balance, (1) $9830 was from state and federal tax refunds (of which $6104 (the "EIC Funds") were attributable to the federal and the Indiana state earned income credits), (2) $342.79 was a payroll deposit and (3) $46.07 in debit card purchases had been subtracted. The next Monday, March 19, 2012, the Debtors withdrew $9300 from the PNC Account and from that amount, deposited $4000 into an account at Huntington Bank (the "Huntington Account"). The remaining $5,300 that had been withdrawn from the PNC Account apparently was spent by the Debtors and is not at issue here. By the time the Debtors filed this chapter 7 case on April 26, 2012, the balance in the Huntington Account was $2,246.50 (the "Disputed Funds").

The Debtors on their Schedule C claimed the Disputed Funds as entirely exempt, alleging that they were derived entirely from the EIC Funds. The Trustee objected to the claim of this exemption, alleging that the commingling of the EIC Funds with non exempt tax refunds and deposits extinguished their exempt nature.

## *Discussion*

As a preliminary matter, there does not appear to be a dispute that tax refunds attributable to both the federal and state earned income credit are exempt, even after they are in the hands of the taxpayer, unlike ERISA funds and workmen's compensation benefits. Such earned income tax credits are expressly exempted from the reach of creditors under Ind Code §34-55-10-2(c)(11) which provides for exemption

2

of a credit "received or to be received". [1]  See also, *In re Norwood*, 2009 Bankr. LEXIS 3081 at *8 (Bankr. N. D. Ind. 2009).  The only dispute here is how to trace the Disputed Funds and determine whether any of them were derived from the exempt EIC Funds.  The starting point, appropriately, is the case of *Whitlock v. Public Service Co. Of Indiana, Inc.*, 159 N.E.2d 280 (Ind. 1959).  Both the Trustee and the Debtors cite this case in their briefs filed with the Court for the proposition that trust (exempt) funds that have been commingled with non exempt funds are exempt only to the extent they have been segregated or can be traced back to exempt funds.  *Id.* at 691.

The Debtors argue that they adequately segregated the EIC Funds by setting aside $4,000, an amount less than the EIC Funds, and depositing that sum into the Huntington Account.  The Court is mindful that neither the IRS nor the State of Indiana issued separate refunds for the EIC portion of the refunds and that, the tax refunds contained both an exempt and non exempt portion when they were automatically deposited into the PNC Account.  Thus, they were commingled from the moment they were automatically deposited into the PNC Account.  Adequately segregating the exempt from the non exempt funds, however, could have been accomplished by withdrawing from the PNC Account and depositing into the Huntington Account the sum of $6,104, the precise amount of the EIC Funds.  Instead, the Debtors withdrew $9,300 from the PNC Account and deposited $4,000 of that into the Huntington Account with

---

[1] Ind Code §34-55-10-2(c)(11) provides:
(c) the following property of a debtor domiciled in Indiana is exempt:
　　(11) The debtor's interest in a refund or a credit received or to be received under the following:
　　　　(A) Section 32 of the Internal Revenue Code of 1986 (the federal earned income tax credit),
　　　　(B) IC 6-3.1-21-6 (the Indiana earned income tax credit)

3

no rhyme nor reason as to how they arrived at these amounts and no indication as to how the $4,000 deposit correlates with the $6,104 in exempt EIC Funds. Thus, the Court finds that the Debtors have not adequately segregated the EIC Funds such that the Disputed Funds can be traced to them.

The Debtors next urge the Court to trace the Disputed Funds by using the "Lowest Intermediate Balance Test" ("LIBT") which they assert will result in all of the Disputed Funds being traced to the EIC Funds, and thus, exempt. The LIBT has been applied most frequently where a debtor commingles his own funds with funds he is holding in trust for another. For example, if the account balance is equal to or exceeds the amount of funds held in trust, then the full amount of the trust funds remain intact. If the account balance drops to zero, the trust funds are lost and subsequent deposits into the account are considered non-trust funds and do not replenish the trust fund portion. If the account drops to a balance less than the amount of trust funds, but not to zero, the trust funds are limited to the lowest intermediate balance in the account. Thus, the LIBT is based on the fiction that the debtor would withdraw the non-trust funds first, retaining as much as possible of the trust funds in the account. See, *Connecticut Genera Life Ins. Co. v. Universal Ins. Co.*, 838 F.2d 612, 619 (1st Cir. 1988); *In re MJK Clearing, Inc.*, 371 F.3d 397, 401-402 (8th Cir. 2004); *In re Appalachian Oil Co., Inc.*, 471 B.R. 199 (Bankr. E. D. Tenn. 2012). Courts use the LIBT to separate out funds held in trust for another from the debtor's funds which are property of the debtor's bankruptcy estate or where a creditor attempts to impress a constructive trust upon proceeds in the account. See, *U.S. v. McConnell*, 258 B.R. 869 (N. D. Tex. 2001) (chapter 7 debtor had commingled immigration inspection fees which

it held in trust for the Immigration and Naturalization Service); *In re Stoler & Co.*, 144 B.R. 385 (N. D. Ill. 1992) (broker sought constructive trust over funds held by bankruptcy trustee for unpaid commissions); *In re LGI Energy Solutions, Inc.*, 460 B.R. 720 (8th Cir. B.A.P. 2011) and *In re Appalachian Oil Co., Inc.*, 471 B.R. 199 (Bankr. E. D. Tenn. 2012) (in both cases, defendant in preference action asserted constructive trust as defense and argued that transfer was of property held in trust and not of property of the estate).

  The Debtor cites one, albeit rare, case where the LIBT was applied to determine not what was property of the debtor's estate but to determine the amount of exemption to which the debtor was entitled where EIC funds were commingled with non-exempt funds, which is precisely the situation here.  See, *In re Maine*, 461 B.R. 723 (Bankr. S. D. Ohio, 2011).  In *Maine,* the debtor received refunds attributable to the federal child tax credit ("CTC") and the federal earned income tax credit ("EIC"), both of which were exempt under Ohio law.  These refunds had been deposited into the debtor's account and commingled with non-exempt funds. Between the time these deposits were made and the date the debtor filed bankruptcy, there were other withdrawals from and deposits to the account.  On the date of her bankruptcy filing, the debtor's account had a balance of $7,726.02, and the balance in the account never dropped below $6,980, the exempt portion related to the CTC and EIC refunds.  The trustee urged the court to use a pro rata method for determining the exempt portion of the account balance.  The court rejected the pro rata method and used the LIBT instead, finding that all but $141.72  was exempt.

  This Court is of the opinion that the LIBT appropriately may be applied to

5

determine *what is property of the bankruptcy estate* in two circumstances: (1) where the debtor has commingled his own funds with funds he holds for another in trust, or (2) where, in a case that converts from a chapter 13 to a chapter 7, the debtor has commingled funds acquired pre petition with funds acquired post petition but pre conversion.  Neither of those circumstances is present here.  Furthermore, the funds in the PNC Account were fungible...certainly the EIC Funds within that account were not specially "marked" to physically distinguish them from the non exempt funds.  Thus, this Court sees no logic in assuming that the Debtors first spent the non exempt funds in the PNC Account such that only the EIC Funds were deposited into the Huntington Account, or vice versa.  Furthermore, unlike *Maine*, there is not one, but two bank accounts involved here and the balances in both dropped below the amount of the EIC Funds.  Rather than using the LIBT, the fairer way to determine the exempt portion of the Disputed Funds is determine the percentage of the EIC Funds to the PNC Account total and to apply that percentage to the Disputed Funds.  The parties stipulated that, as of March 16, 2012 and prior to the withdrawal of $9,300, the PNC Account balance was $10,575.88, of which $6104, or 57.72%, was made up of the EIC Funds.  Applying this percentage to the Disputed Funds results in $1,296.68 (57.72% of $2,246.50) in exempt EIC Funds and $949.82 in non-exempt funds.

    Accordingly, the Court ORDERS that the Debtors are entitled to exempt $1,296.68 of the Disputed Funds.  The Court FURTHER ORDERS that the sum of $949.82 be turned over to the Trustee within 30 days of the date of this order.

### # # #

Distribution:
James T. Young, Attorney for the Trustee, Ellen Fujawa
Kimber Leigh Whyte, Attorney for the Debtors